WILLIAM COOK v. WILLIAM H. PIERCE.

In an action upon a promissory note against an endorser, the maker of it is a competent witness for the defendant.

No action will lie against the endorser of a promissory note for the accommodation of the maker, by the holder of it, who discounted it for the latter, with the knowledge of its character at a higher rate of discount than six per cent., for it was in effect a loan of money to the amount advanced upon it within the meaning of the statute against usury, and as such, was void for that reason, notwithstandiug the statute does not in terms provide or declare-that a loan, or contract made contrary to the provisions of it, shall be void.

ASSUMPSIT on a promissory note at ninety days for two hundred dollars. The action was at the suit of Cook against Pierce, as the endorser of it. The formal proof of the making of it was adduced, and it was read in evidence.

*Wales,* for the defendant, then· called a witness, who, upon the requisition of the counsel for the plaintiff, was sworn on his *voire dire*, and stated that he was the maker of the note, to the order ·of Pierce, and that the latter endorsed it.

*Gordon*, for the plaintiff, objected that he was therefore an incompetent witness, because it was his interest to defeat the recovery of the plaintiff in the action, for if he should recover, the judgment would be evidence in an action by the endorser against him as the maker of it, and would be conclusive as to the amount of it, which would be the measure of the damages in such action.

*Wales in reply :* It was a case of balanced interest, or no interest at all to bias the witness either way in contemplation of law, for, if he should be the instrument of defeating the recovery in the present action against Pierce, the endorser, he would only become the more certainly liable to an action at the suit of the plaintiff against himself for the amount of the note.

*The Court* so held and overruled the objection.

The witness was then sworn in chief, and stated that the note was drawn and signed by him as the maker of it, to the order of Pierce, as an accommodation note, and as they were in the habit of doing so for each other, he took it to Pierce, who wrote across the face of it, the words, " credit the drawer," and endorsed it, and failing to get it discounted in bank, contrary to his expectations at the time of doing so, he took it to Cook for that purpose, who demanded ten dollars for discounting it, and being very much in need of the money, he paid him the sum demanded, upon which he took the note and advanced him one hundred and ninety dollars upon it, the difference between the ten dollars and the amount of the note, which was payable in ninety days from that date.

*Gordon*, for the plaintiff, remarked that he had no evidence to offer in reply, and would waive his opening in the case.

*Wales*, for the defendant, referred to the provisions of the statute against usury, *Rev. Code*, 183, and contended

that although it simply provided that the legal rate of interest for the loan or use of money in this State, should not exceed six per cent., and if any one should take more than that, directly or indirectly, he should pay the forfeiture and penalty imposed by it, without, in express terms declaring that the loan or contract itself should be void, yet such was in effect the law and the construction which the Court would give to the statute, and no action at law could be maintained for the recovery of the money loaned, directly or indirectly, on such a contract contrary to the express directions of it. 1 *Kent's Com.* 467. *Dwar. on Stat.*, 678. 25 *E. C. L. Rep.*, 47. 1 *M. & S.*, 593. *U. S. Bank v. Oldham et al.*, 2 *Pet.* 527. *Law v. Hodgson*, 11 *East*, 300. *Bank of Utica. v. Wager*, 2 *Cow.* 712. And such a transaction as the one in question had been proved to be, such a discounting of a promissory note, in the manner in which the one before them had been discounted by the plaintiff, was a loan of money at a usurious rate of interest, and was therefore illegal and void under the statute, and could not be recovered in this or in any other action. *Byles on Bills*, 245.

*Gordon*, in reply, asked and obtained leave of the Court to add the common counts, and also a count on an account stated in his narr, and argued that the buying and selling of negotiable paper, such as this was, was not only an ordinary and every day transaction in the markets of the country, for the best price which they would command, like any other vendible or purchasable article got up for the purpose of being bought and sold; but it was a perfectly fair, legitimate and lawful transaction, for it was not a loan of money within the meaning of the statute, or in the ordinary and common understanding of the term, and was therefore not usurious.

*The Court, Houston, J. charged the jury:* That if the promissory note in question was an accommodation note, which, according to commercial usage it imported to be

by virtue of the words " credit the drawer," written across the face of it, and that it was made by Anthony for his own benefit and accommodation, payable to the order of Pierce, and that the latter endorsed it to enable the former to get it discounted for that purpose, and that the plaintiff with that view discounted it for him ; that was to say, took the note and advanced money to him upon it, the transaction between them was equivalant to, and in effect was, a loan of that amount of money by Cook to Anthony: and, if in thus discounting it for him, he reserved and retained in consideration thereof, a higher discount or premium than the legal rate of interest established by the statute, or more than interest at the rate of six per centum per annum, for ninety-three days upon the sum of two hundred dollars, the amonnt for which the note was taken by him, the transaction was in contemplation of law, tainted with usury, and the contract was so vitiated by it, that the plaintiff would not be entitled to recover in the action upon it. For when a promissory note is made for the benefit and accommodation of the maker solely, and is endorsed with this view by the payee, or person to whose order it is made payable, it binds no one up to that stage of it, because no action would as yet lie or could be maintained upon it by any one for the want of a sufficient consideration in law to sustain it, until it had been discounted or accepted by another party; as it was then, and not till then, that it first exists as a complete contract in contemplation of law for the actual loan of money, as had been frequently ruled and recognized in the judicial decisions of this country. And when the note is so made, endorsed and negotiated, or discounted by a third party for the accommodation of the maker, it is, as we have before remarked, substantially and in effect, a contract for the loan of money by such third person to the maker of the note : and if such contract be usurious in its character, it is, in our judgment, forbidden by both the words and the policy of our statute against usury, and is consequently illegal and void, and

no action can be maintained upon it for the recovery of the money.

And this was so, notwithstanding the statute did not in terms provide or declare that a loan or contract made contrary to the provisions of it, should be void. For a contract prohibited and made unlawful by statute is a void contract, although the statute does not expressly provide that it shall be so; because a forfeiture or penalty imposed, as in this case, by the statute, implies a prohibition against such a contract, although there were no prohibitory words to that effect to be found in it.